UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO DE LA TORRE QUILES, | No. 2:15-cv-0489-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff Alberto De La Torre Quiles, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.

8  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
9  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of
10 action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
11 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
13 upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).

20 Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21
21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear
22 that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma
23 pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson,
24 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

25 Construing the complaint liberally, plaintiff appears to allege that he has been unlawfully
26 followed by unspecified law enforcement officers since 1996. (ECF No. 1 at 1.)  Plaintiff claims
27 that he is "harassed constantly" wherever he stays and that he is "being discriminated against and
28 would like it to stop." (Id.)  Plaintiff names the United States of America ("United States") and

1  the "Federal Police" as defendants to this action.  (ECF No. 1-1.)  Attached to plaintiff's

2  complaint is a Civil Cover Sheet form in which plaintiff describes the nature of this lawsuit as a

3  "civil rights" action.  (Id.)  Based on plaintiff's characterization, it would appear that plaintiff

4  attempts to allege a claim against the United States under the Federal Tort Claims Act ("FTCA")

5  and an unspecified constitutional claim against the "Federal Police" pursuant to Bivens v. Six

6  Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 421 (1971).

7        The vague and conclusory allegations asserted in the complaint, however, do not provide

8  defendants or the court with sufficient notice of what plaintiff's claims are, and do not contain

9  sufficient facts which, if accepted as true, would allow the court to draw the reasonable inference

10 that defendants are liable for the misconduct alleged.  Plaintiff fails to specify what claims he

11 seeks to assert against each named defendant, the defendants' respective actions that constituted

12 the alleged discrimination and harassment directed towards plaintiff, or the remedy plaintiff seeks

13 for these alleged wrongs.  Accordingly, plaintiff's complaint is dismissed, but with leave to

14 amend.

15       Furthermore, to the extent plaintiff seeks to assert a claim under the FTCA against the

16 United States, the complaint fails to provide allegations indicating that plaintiff exhausted his

17 administrative remedies prior to initiating this lawsuit.  Generally, before an FTCA claim may be

18 filed against the United States in federal court, a plaintiff must first present an administrative

19 claim to the appropriate federal agency and have that claim denied.  28 U.S.C. § 2675; Gillespie

20 v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980) (citing 28 U.S.C. § 2675) ("The timely filing of an

21 administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA.").

22 Consequently, a plaintiff asserting an FTCA claim in federal court must allege facts in the

23 complaint indicating that he filed an administrative claim with the appropriate federal agency and

24 that the claim was denied prior to filing his complaint in federal court.  Because plaintiff provides

25 no such allegation in his complaint, his claim against the United States is defective for this

26 additional reason.  Accordingly, should plaintiff choose to file an amended complaint, he should

27 also include allegations indicating whether he first presented a timely administrative claim to an

28 appropriate federal law enforcement agency and that the claim was denied prior to filing the

current lawsuit.

Finally, to the extent plaintiff names the "Federal Police" as a defendant in an attempt to name a federal law enforcement agency such as the Federal Bureau of Investigation as a defendant to this action, such a claim is necessarily barred by law because a plaintiff cannot bring a Bivens claim directly against a federal agency; only the individual federal agents that committed the alleged violation may be held liable under Bivens. FDIC v. Meyer, 510 U.S. 471, 473, 486 (1994). Similarly, plaintiff cannot assert a claim under the FTCA against a federal agency. F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) ("[The FTCA] only allows claims against the United States . . . an agency itself cannot be sued under the FTCA."). However, when the complaint's allegations are construed in a light most favorable to plaintiff, it is possible that plaintiff named "Federal Police" as a defendant in an attempt to name the individual federal law enforcement officers who allegedly caused plaintiff's injuries. Because of this possibility, the court will grant plaintiff leave to amend with respect to this defendant at this juncture despite the court's doubts as to whether plaintiff could pursue any cognizable claims against this defendant.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall be no longer than 20 pages; shall correct the deficiencies outlined in this order; and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

////

////

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order, or a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
4. Failure to file either a first amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  April 13, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE